United States District Court
Northern District of New York

Gregory Warren,
      Plaintiff

v.

Michael J. Astrue,
Commissioner of Social
Security Administration;
Sheryl Lipotkin, Associate
Commissioner of Social
Security Administration; and
Social Security Administration
in their individual and official
capacities,
      Defendants

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JAN 26 2012
AT____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

6:12-CV-187

## Civil Complaint

This is a FOIA/Privacy act action filed by Gregory Warren, a state prisoner, alleging violation of his right to access information, and seeking money damages and injunctive relief.

### Jurisdiction

1. This is a civil action under the Freedom of Information Act (FOIA) and Privacy Act (PA) 5 U.S.C. §§ 552, 552a which thereof this Court has jurisdiction.

### Parties

2. Plaintiff (P/H) Gregory Warren is presently

(1)

incarcerated at Mohawk Correctional Facility (MCF) 1 Walsh, Rome, N.Y. 13442, Oneida County.

3. Defendant (Def) Social Security Administration (SSA), Windsor Park Bldge, 6401 Security Blvd., Baltimore MD. 21235, is a U.S. Government agency responsible for, inter alia, disclosing information under FOIA/PA.

4. Def Micheal J. Astrue (Astrue) is Commissioner of SSA and responsible for the operation and management of SSA.

5. Def Sheryll Zipotkin (Zipotkin) is Associate Commissioner of SSA and responsible for fulfilling FOIA/PA request.

6. At all times relevant Astrue and Zipotkin (collectively/respectively referred to as Defs) were acting in their official capacities as employees of SSA and are sued in their individual and official capacities.

## Facts

7. On or about June 2003, Pltf's father, Lawrence Richardson was diagnosed with pancreatic cancer and given 6 mos. to live, and thereby - and - after applied for and received Social Security benefits, at age 55.

8. On 9-22-04, Richardson succumbed to said ailment.

9. Richardson named Pltf as a beneficiary of

(2)

a $40,000 life Insurance.

10. Upon filing for said benefit, the insurer denied the benefit, stating: "... P/f must prove Richardson was disabled on or before a specified date to obtain benefit."

11. On 4.9.08, P/f submitted to Astrue: 1) FOIA request seeking confirmation that Richardson's desease was the basis for his receiving SSI benefits, and 2) P/f's proof of lineage. (see Exhibit "1")

12. On or about 7.23.08, after not receiving a response to request dated 4.9.08, P/f submitted a PA request seeking said information in P.11. (see Exhibit "2").

13. On 8.4.08, P/f received an undated, standard letter from Ziporkin, stating: "... Prisoners can not receive SSI benefits. (see Exhibit "3")

14. On 8.27.08, P/f sent Astrue an appeal and advised, P/f exclusively sought/seeks aforesaid information about Richardson... On 8.31.08 P/f received a copy of the same letter from Ziporkin, she had previously sent P/f. Because it is impossible to misconstrue both letters, P/f must accept her responses as denials and thereby appeal. (see Exhibit "4").

15. On 1.31.09, Ziporkin sent P/f a letter

(3)

stating: "Plt's father's records are currently in our Northeastern program service center (NPSC)... officials there will look into the situation you described and reply directly to you." (see Exhibit "5"); and

16. Heretofore, Plt has not received a reply from NPSC.

17. On 10.27.09, Ziporkin sent Plt another standard letter advising, prisoners are not entitled to SSI benefits. (see Exhibit "6").

18. On 10.6.11, Plt filed another appeal to Astrue chronicling the aforesaid facts of ¶¶ 7-17, and requested said sought information [1]; and

19. Heretofore, Plt has not received a reply from Astrue.

20. Defs' actions in ¶¶ 11-19 above is tantamount to denying said sought information.

<u>Claims</u>

<u>1st Cause of Action</u>

21. The actions of the Defs stated in ¶¶ 11-20 violated their duty to disclose and Plt's right to access information under F.O.I.A., 5 U.S.C. §552.

22. The Defs violated their duty to disclose and Plt's right to access information under

---

[1] See Exhibit "7".

(4)

F.O.I.A. when:

    a). They failed/refused to disclose to Plt. the basis for his father receiving SSI benefits.

### 2nd Cause of Action

23. The actions of the Defs. stated in PP 11-20 violated their duty to disclose and Plt.'s right to access information under P.A. 5 U.S.C. § 552a.

24. The Defs. violated their duty to disclose and Plt.'s right to access information under P.A. when:

    a). They failed/refused to disclose to Plt. the basis for his father receiving SSI benefits.

### Relief

Wherefore, Plt. requests this Honorable Court grant the following relief:

A. Issue an injunction ordering the Defs to disclose to Plt. said information verifying was Richardson receiving SSI benefit based on his desease, and the date he was deemed disabled.

B. Grant compensatory damages in the following amount:
    1) $15,000 against the Defs. respectively.

2). $40,000 against the Defs. collectively if their actions results in PH. forfeiting the insurance benefit.

C. Grant Punitive damages in the following amounts:

1). $15,000 against the Defs. respectively.

D. Grant such other and different relief as may be just & proper.

Sworn to before me this
13 day of [illegible], 2011

_____
Notary Public

Respectfully Submitted

_____
Warren, G. (94A8617)
Plaintiff Pro Se
Mohawk C.F./Walsh
P.O. Box 8451
Rome, N.Y. 13442

JOHN C. BOYEA
Notary Public - State of New York
No. 01BO6073073
Qualified in Oneida County
My Commission Expires April 15, 20 14

(6)