UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREGORY WARREN,

              **Plaintiff,**

    v.                                                6:12-CV-00187

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, et al.

              **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

### I.   INTRODUCTION

This is a *pro se* action brought by Plaintiff Gregory Warren against the Social Security Administration (SSA), the SSA's Commissioner, Michael J. Astrue, and its Associate Commissioner, Sheryll Ziporkin.  Plaintiff alleges that Defendants violated the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, by not providing him with proper documentation concerning the death of his father. Defendants move pursuant to Fed. R. Civ. P. 12 (b)(1) and 12 (b)(6) to dismiss certain claims and Plaintiff has opposed the motion.  For the reasons that follow, Defendants' motion is granted.

1

II.     **STANDARD OF REVIEW**

    a.  **Fed. R. Civ. P. 12(b)(6)**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 570). A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Ashcroft, 129 S. Ct. at 1949. Legal conclusions must be supported by factual allegations. Id. at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Nonetheless "[a] document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III.   BACKGROUND

On April 9, 2008, Plaintiff submitted a request under FOIA, 5 U.S.C. § 552, to Defendants to confirm that his "father's disease was the basis upon which he was eligible and received social security benefits." See Dkt # 1 at Ex. 1. On July 10, 2008, Plaintiff submitted a request for the same information under the Privacy Act, 5 U.S.C. § 552a. Id. at Ex. 2. After several written letters between Plaintiff and Defendants, the information was not provided. Plaintiff then brought this action seeking injunctive relief, compensatory damages, punitive damages, and $40,000.00 in the event that an insurance benefit is forfeited as a result of Defendants' failure to provide the requested information. Id. at 3-4. In Plaintiff's response to Defendants' motion to dismiss, he claims damages in the amount of $6,650.00 for the interest that would have accrued on his father's insurance policy and $350.00 in filling fees for bringing this action. See Dkt. # 26 at 5. On September 12, 2012, Defendant notified the Court that Plaintiff had received the requested information. Plaintiff acknowledged that he received the information but also indicated his intention to pursue this action to recover damages. See 9/12/2012 TEXT Minute Entry. Defendants move pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss this action, see dkt. # 25, and Plaintiff has opposed the motion, see dkt. # 26.

IV. **DISCUSSION**

a. **Plaintiff's FOIA Claims**

Plaintiff seeks injunctive relief under FOIA in the nature of an order requiring Defendants to comply with his request for documents. However, Defendants have already provided the documents that Plaintiff sought, see 9/12/2012 TEXT Minute Entry, and as a result, the request for injunctive relief is moot. In addition, Plaintiff seeks compensatory and punitive damages under FOIA. "However, the FOIA does not provide for damages for defendant's failure to produce documents." Diamond v. FBI, 532 F. Supp. 216, 233 (S.D.N.Y. 1981); see also Ross v. United States, 460 F. Supp.2d 139, 151 (D.D.C. 2006) ("It is well-settled that monetary damages are not available under FOIA."). Instead "FOIA provides a mechanism through which the members of the public can request and government agencies can provide governmental agency documents." Gasparutti v. United States, 22 F. Supp. 2d 1114, 1116-17 (C.D. Cal. 1998). FOIA specifically "enumerates several sanctions that may be applied against agencies and individuals who improperly withhold requested information" but fails to provide for "[a]n action for money damages against the agency or its personnel . . . ." Daniels v. St. Louis VA Regional Office, 561 F. Supp. 250, 251 (E.D. Mo. 1983); see 5 U.S.C. § 552(a)(4)(B), (E), and (F). Consequently, the statute creates a "comprehensive system to administer public rights," Johnson v. Exec. Office for U.S. Attorneys, 310 F.3d 771, 777 (D.C. Cir. 2002)(citing Spagnola v. Mathis, 859 F.2d 223, 228 (D.C. Cir. 1988)), and remedies not express in the statute are impermissible. Id. at 777. As a result, Plaintiff's request for compensatory and punitive

damages under FOIA fails to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) and is denied.

Plaintiff also makes a claim for $350.00 in court filing fees. FOIA provides in part: "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). The statute specifies that "a complainant has substantially prevailed if the complainant has obtained relief through either- - (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). In Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598 (2001), the Supreme Court ruled that the term "prevailing party" did not include "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct". Id. at 600; see also New York State Federation of Taxi Drivers, Inc. v. Westchester County Taxi and Limousine Comm'n, 272 F.3d 154, 158 (2d Cir. 2001)(same). The Second Circuit has determined "that the terms 'prevailing party' and 'substantially prevails' are fundamentally the same for purposes of determining whether a plaintiff can recover under a fee-shifting statute." Preservation Coal. of Erie County v. Fed. Transit Admin, 356 F.3d 444 (2d Cir. 2004). As such, "Buckhannon precludes a fee award to a FOIA plaintiff whose 'lawsuit did not result in a judicially sanctioned change in the legal relationship of the parties.'" Union of Needletrades, Indus. and Textile Employees,

5

AFL-CIO, CLC v. United States I.N.S., 336 F.3d 200, 207 (2d Cir. 2003)(quoting New York State Fed. of Taxi Drivers, Inc., at 158-59).  In this case, Defendants provided the information requested by Plaintiff without any "judicial sanctioned change in the legal relationship of the parties."  See 9/12/2012 TEXT Minute Entry.  Consequently the Plaintiff did not substantially prevail and is not entitled to either attorney fees or litigation costs under FOIA's fee-shifting clause.

    **b.** **Privacy Act**

The Privacy Act was passed by Congress in 1974 "to protect the privacy of individuals identified in government information systems by regulating the collection, maintenance, use and dissemination of personal information and prohibiting unnecessary and excessive exchange of such information within the government and to outside individuals."  Cochran v. United States, 770 F.2d 949, 954 (11th Cir. 1985).  Congress' primary concern was "the potential for misuse of the enormous amounts of personal information collected by government agencies . . . ." Id. at 954. "To that end the Privacy Act 'limits the kind of information that can be collected or disclosed and imposes a standard of quality and diligence on the maintenance of government records . . . .'" Id. at 954 (quoting Doe v. United States Civil Service Comm'n, 483 F. Supp. 539, 555 (S.D.N.Y. 1980)). For the Plaintiff in this case, the relevant section of the Privacy Act provides:

> (d) Access to records.--Each agency that maintains a system of records shall--
>
> (1) upon request by *any individual* to gain access to *his record* or to *any information pertaining to him* which is contained in the system, *permit him*

6

> *and upon his request*, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence;

5 U.S.C. § 552a(d)(1)(emphasis added).

The statute also defines "record" as,

> any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains *his name*, or *the identifying number, symbol, or other identifying particular assigned to the individual,* such as a finger or voice print or a photograph;

5 U.S.C. § 552a(a)(4)(emphasis added).

Courts have interpreted this language "to give parties access only to their own records, not to all information pertaining to them that happens to be contained in a system of records." Sussman v. U.S. Marshals Service, 494 F.3d 1106, 1121 (D.C. Cir. 2007). This conclusion is consistent with the clear language of the statute and the legislative intent. Here, Plaintiff seeks to obtain his father's records which are not contained in his own records and do not pertain to him within the meaning of the statute. As a result, Plaintiff's Privacy Act claim fails to state a claim on which relief can be granted.

### c. Sovereign Immunity

Because Plaintiff's claims can be dismissed under Fed. R. Civ. P. 12(b)(6), the Court need not address whether sovereign immunity has been waived under either FOIA or the Privacy Act.

v. **CONCLUSION**

For the reasons discussed above, Defendants' motion to dismiss [dkt. # 25] is **GRANTED**. All claims are **DISMISSED**, and the Clerk of the Court is instructed to close the file in this matter.

**IT IS SO ORDERED.**

DATED: June 10, 2013

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge